## Dissolution of Business Corporations

Reno, Attorney General, September 13, 1939.—We have your request for an opinion upon the effect of the provisions of the Business Corporation Law of May 5, 1933, P. L. 364, relative to the duty of the Secretary of the Commonwealth to issue or refuse to issue a certificate of dissolution to a business corporation.

Your inquiry arises out of a request of Jacob Brothers Company, a corporation, for the issuance of a certificate of dissolution.

It appears that the above corporation filed with your department an application for the issuance of a certificate of dissolution supported by the following documents:

1. Articles of dissolution dated September 9, 1938, in compliance with the provisions of section 1105 of the Business Corporation Law of May 5, 1933, P. L. 364;

2. Proof of publication as required by that act;

3. Certificate from the Department of Labor and Industry, Division of Unemployment Compensation and Employment Service, dated October 28, 1938, certifying that the corporation has fully paid into the Unemployment Compensation Fund all contributions due from it to the Commonwealth of Pennsylvania to September 30, 1938;

4. Certificate dated February 23, 1939, from the Department of Revenue, certifying that the corporation has made all reports due to the Department of Revenue, and has fully paid into the State Treasury all taxes due from it to the Commonwealth to September 30, 1938, but stating "The Commonwealth reserves the right to make collection of any additional amount of corporate net income tax which may arise from changes made by the Federal Government in connection with income and excess profits tax reports".

It appears also that the National Farm School, through its attorney, has filed with your department its objection to the issuance of a certificate of dissolution to the above-named corporation, on the ground that the said corporation is indebted to the National Farm School in the sum of $25,000 for the payment of which indebtedness no adequate provision has been made by the corporation.

By reason of the above factual situation, you submit three questions which we shall restate and answer in proper order.

I.

Does the reservation made in the certificate of the Department of Revenue dated February 23, 1939, constitute a valid impediment to the issuance by the Department of State of a certificate of dissolution to the applicant?

The certificate from the Department of Revenue, dated February 23, 1939, certifies that the corporation has paid into the State Treasury all taxes due the Commonwealth to September 30, 1938. The certificate, however, contains this reservation, "The Commonwealth reserves the right to make collection of any additional amount of corporate net income tax which may arise from changes made by the Federal Government in connection with income and excess profits tax reports."

Section 1105 of the Business Corporation Law of 1933, supra, provides, inter alia, as follows:

"If the Department of State finds that such articles conform to law, it shall endorse its approval thereon, and if all bonus, taxes, fees and charges, required by law, have been paid, shall file the articles and issue to the corporation, or its representative, a certificate of dissolution, to which shall be attached a copy of the approved articles."

The reservation by the Department of Revenue, in its certificate quoted above, involves possible additional charges for corporate net income tax which may arise from changes made by the Federal Government in connection with income and excess profits tax.

Corporate net income taxes are based and assessed upon a return made to the Department of Revenue by the corporation, wherein it certifies, under oath, that the amount of income therein reported is the same as that contained in the corporation's income and excess profits tax return to the Federal Government. Ordinarily, and for purposes other than for dissolution, the Department of Revenue accepts this figure as a verity without an audit of its own. A corporation is required, within 30 days from the date of any change in its Federal income tax, to file an amended return with the Department of Revenue and pay the amount of additional tax that may be due by reason of said change, or request a resettlement and refund of any overpayment.

Section 275(*b*) of the Federal Revenue Act of May 28, 1938, 52 Stat. at L. 447, 539, 26 U. S. C. § 275, provides as follows:

"*Request for Prompt Assessment.—In the case of income* received during the lifetime of a decedent, or by his estate during the period of administration, or *by a corporation, the tax shall be assessed,* and any proceeding in court without assessment for the collection of such tax shall be begun, *within eighteen months after written request therefor* (filed after the return is made) by the executor, administrator, or other fiduciary representing the estate of such decedent, or *by the corporation* but not after the expiration of three years after the return was filed. This subsection shall not apply in the case of a corporation unless—

"(1) Such written request notifies the Commissioner that the corporation contemplates dissolution at or before the expiration of such 18 months' period; and

"(2) The dissolution is in good faith begun before the expiration of such 18 months' period; and

"(3) The dissolution is completed." (Italics supplied.)

Under the provisions of the section above quoted, a corporation contemplating dissolution may request a prompt assessment of its tax liability to the Federal Government, which must be made within 18 months from the date of such request, and the amount of corporate net income tax due to the Commonwealth is thereby definitely ascertained.

Section 1111 of the Business Corporation Law of 1933 provides as follows:

"Survival of Remedies After Dissolution.—The dissolution of a business corporation, either by the issuance of a certificate of dissolution by the Department of State, or by the decree of a court of common pleas, when the court has not liquidated the assets and property of the corporation, or by expiration of its period of duration, or by the sale of all its franchises, property and assets

to another business corporation, shall not take away or impair any remedy given against such corporation, its directors or shareholders, for any liability incurred prior to such dissolution, if suit thereon is brought and service of process had within two years after the date of such dissolution. Such suits may be prosecuted against and defended by the corporation in its corporate name."

Since the ascertainment of the income of the corporation, pursuant to its request for prompt assessment, must be made by the Federal authorities within 18 months, the two-year period fixed by section 1111 above will still have six months to run, thus giving the Commonwealth sufficient time to sue for whatever additional corporate net income taxes may be due by reason of the assessment made by the Federal Government.

Therefore, in view of what we have stated above, in order to preserve and not prejudice the right of the Commonwealth to recover possible additional taxes, which right the Department of Revenue has reserved in its certificate, a corporation applying for dissolution should be required to produce evidence that it has, in accordance with section 275 of the Federal Revenue Act of 1938, supra, applied for a prompt assessment of its income and excess profits tax liability.

## II

Does the objection filed by the National Farm School constitute a valid impediment to the issuance of a certificate of dissolution to the applicant?

Section 1105 of the Business Corporation Law provides that the articles of dissolution, executed by the corporation and submitted to the Department of State, shall set forth, inter alia:

"(4) A statement that all debts, obligations and liabilities of the corporation have been paid and discharged, or that adequate provision has been made therefor."

Ordinarily, the mere statement by the corporation, under seal and signed and verified by two duly-authorized

officers of the corporation, that all debts, obligations and liabilities of the corporation have been paid and discharged, or that adequate provision has been made therefor, would be accepted at face value. However, where, as in the present case, the Department of State is informed that the debts, obligations and liabilities have not been paid and discharged and that no adequate provision has been made for their payment, the Department of State would not be warranted in issuing a certificate of dissolution, since the allegation as to the payment and discharge of debts, etc., is controverted by the positive assertion of a creditor of the corporation. Under these circumstances, the certificate should be refused and the corporation required to submit to the Department of State satisfactory evidence to substantiate the allegation in the articles of dissolution as to the payment of debts.

### III

Does the Department of State have the power:

(a) to withhold a certificate of dissolution offered for approval and filing under the provisions of section 1105 of the Business Corporation Law for the sole purpose of determining whether the corporation has made adequate provision for the discharge of its debts, liabilities and obligations?

(b) To determine what is adequate provision for the discharge of debts, liabilities and obligations by a corporation seeking dissolution under the Business Corporation Law?

In view of what we have said in answer to the second question, it follows that your third question must be answered in the affirmative.

In conclusion, it is our opinion and you are so advised:

1. That the certificate issued by the Department of Revenue, containing the reservation as to possible additional corporate net income taxes that may be due by reason of changes made by the Federal Government in

the corporation's income and excess profits tax reports, is not a certificate conclusively establishing that the corporation applying for a certificate of dissolution has "paid" the taxes due the Commonwealth within the meaning of section 1105 of the Business Corporation Law of 1933.

2. That while, under section 1111 of the Business Corporation Law of 1933, the Commonwealth can bring suit and recover the amount of additional taxes that may be ascertained to be due within two years, in order that this right may be preserved to the Commonwealth a corporation desiring to dissolve should be required to produce evidence to the Secretary of the Commonwealth that it has requested the United States Commissioner of Internal Revenue to make a prompt assessment of its Federal income and excess profits taxes, from which it may be definitely determined whether or not there are any additional taxes due to the Commonwealth by reason of an increase in the ascertained income of said corporation. In this manner, the tax liability of the dissolved corporation may be determined definitely within 18 months, leaving the Commonwealth six additional months within which to institute proceedings for whatever additional tax the Federal assessment may warrant.

3. That the objection filed by the National Farm School, a creditor of the corporation, that the amount of its claim has not been paid or discharged by the corporation and that no adequate provision has been made for the payment of its claim, constitutes a valid impediment to the issuance of a certificate of dissolution by the Department of State.

4. That the Department of State is empowered, and indeed compelled, to withhold the issuance of the certificate of dissolution and demand that the corporation submit satisfactory evidence that it has made adequate provision for the payment and discharge of its debts, obligations and liabilities.